UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE CAMPBELL,

      Plaintiff,

v.                                                Case No: 2:12-cv-564-FtM-38CM

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,[1]

      Defendant.
_____

## REPORT AND RECOMMENDATION[2]

Plaintiff, Michelle Campbell ("Plaintiff"), is appealing the final decision of the Commissioner of the Social Security Administration ("Commissioner") partially denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). For the reasons set forth herein, the Court recommends that the Commissioner's decision be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

### I.    Issues on Appeal and Procedural History

There is one issue on appeal: whether the ALJ residual functional capacity ("RFC") finding erroneously fails to account for Plaintiff's non-exertional, mental limitations. Specifically, Plaintiff contends that the RFC is not supported by

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. No further action need be taken to continue this suit pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

substantial evidence because the Administrative Law Judge ("ALJ") failed to account for the limitations she suffered as a result of her mental impairments by according no weight to the opinion provided by consultative examiner, Kenneth A. Visser, Ph.D.; the ALJ improperly discounted the opinions of the state agency experts, John Wright, Ph.D. and Jill Rowan, Ph.D.; and failed to take into account medical records that support her mental limitation claims. For the reasons stated herein, the undersigned recommends that the Court affirm the Commissioner's decision because the weight given to the medical opinions by the ALJ is supported by substantial evidence and because the mental health records Plaintiff cites to are dated after the Plaintiff was found disabled and awarded benefits – April 1, 2008.

On November 3, 2008, Plaintiff applied for disability and/or DIB, alleging that she had been disabled and incapable of working since October 1, 2006.[3] (Tr. 137). The Social Security Administration ("SSA") denied Plaintiff's claim initially on June 26, 2009 (Tr. 14, 34); however, upon reconsideration on September 1, 2009, Plaintiff was found disabled and awarded benefits as of April 1, 2008.[4] Tr. 14, 38-44.

---

[3] The ALJ indicated in his opinion that the Plaintiff filed an application for a period of disability and DIB on October 3, 2008. Tr. 14. This appears to be an error, as the record reveals that the Plaintiff completed the application on November 3, 2008. Tr. 137.

[4] The ALJ indicated in his opinion that the Plaintiff was found disabled and awarded benefits as of April 11, 2008. Tr. 14. Thus, the ALJ made his decision with respect to the period from October 6, 2006, through April 11, 2008, and found Plaintiff not disabled during this time period. Tr. 22. The April date cited by the ALJ appears to be an error, as the record contains a Notice of Award letter from the SSA which states under the heading "The Date You Became Disabled" that "[w]e found that you became disabled under our rules on April 1, 2008." Tr. 38. Further, the SSA's Disability Determination and Transmittal indicates that April 1, 2008, was the date Plaintiff's disability began. Tr. 34. Thus, April 1, 2008, was the date Plaintiff was found disabled. The Commissioner's Memorandum submitted in this case includes this date. Doc. 23 at 1. This error does not affect the undersigned's analysis as the ALJ considered evidence through April 11, 2008 in determining whether Plaintiff was

Challenging the onset date of her disability in the partially favorable decision, Plaintiff requested and received a hearing before an ALJ, held on November 3, 2009, during which she was represented by an attorney. Tr. 14, 135-36. Plaintiff requested benefits from an earlier onset date of October 1, 2006. Tr. 14. Plaintiff testified at the hearing. Tr. 595-97.

On July 15, 2010, the ALJ issued a decision finding Plaintiff not disabled from October 6, 2006, through April 11, 2008, but leaving undisturbed the finding of disability after April 11, 2008.[5] Tr. 14-22. Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council, which was denied on September 5, 2012. Tr. 4-7. Accordingly, the ALJ's July 15, 2010 decision is the final decision of the Commissioner. On October 12, 2012, Plaintiff timely filed her Complaint with this Court under 42 U.S.C. §§ 405(g), 1383(c)(3). Doc. 1. The parties have briefed the issues, and the matter is ripe for review.

II. Summary of the ALJ's Decision

The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2010. Tr. 16. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 1, 2006, the alleged onset date. *Id.* At step two, the ALJ determined that Plaintiff had "the following severe impairments: obesity, back pain and neck pain." *Id.* At step three, the ALJ concluded that Plaintiff "did not have an impairment or combination of

---

disabled (Tr. 15), which would include evidence through April 1, 2008.

[5] As discussed above at footnote 4, the correct date Plaintiff was found disabled by the SSA is April 1, 2008. Tr. 38.

impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. 19. In doing so, he explicitly considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (10 C.F.R. Part 404, Subpart P, Appendix 1). Tr. 17-18. These four broad functional areas are known as the "paragraph B" criteria.

In the first functional area – activities of daily living – the ALJ found that Plaintiff had no limitations. Tr. 17. The ALJ noted that the Plaintiff was appropriately dressed and groomed when she arrived for her consultative examination, reported that she was able to maintain her hygiene, and care for her husband and child. *Id.* She also reported that she prepared meals daily, shopped for food, and washed dishes without needing encouragement. *Id.*

In the second functional area – social functioning – the ALJ found that the Plaintiff had mild limitations. *Id.* Plaintiff reported feeling anxious around people and does not like to talk to anyone and keeps to herself. *Id.*

In the third functional area – concentration, persistence or pace – the ALJ found that the Plaintiff had mild limitations. *Id.* The ALJ noted that Plaintiff was oriented to person, place, and time during her consultative examination but that she had difficulty with serial sevens and was only able to do basic mathematical problems. Tr. 17-18. Further, the ALJ noted that Plaintiff reported that she can only pay attention for "2 seconds," but finishes what she starts and does homework for school. Tr. 18.

In the fourth functional area – episodes of decompensation – the ALJ found that Plaintiff had experienced no episodes of decompensation which have been of extended duration. *Id.*

Considering these limitations though, the ALJ determined that there were a number of inconsistencies in what Plaintiff indicated in her Function Report, dated August 20, 2006, in her testimony, and what she reported to consultative examiner Dr. Visser, a clinical psychologist, on September 11, 2006. *Id.* Thus, the ALJ determined that because Plaintiff's medically determinable mental impairments cause no more than "mild" limitation in any of the first three functional areas and "no" episodes of decompensation that have been of extended duration in the fourth area, they are non-severe. *Id. See* 20 C.F.R. § 404.1520(c).

The ALJ then determined that Plaintiff had the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b), noting that the RFC assessment reflects the degree of limitation the ALJ has found in the "paragraph B" mental function analysis. Tr. 18-19. Accordingly, at step four, the ALJ determined that Plaintiff was able to return to her past relevant work as a cashier. Tr. 22. Thus, the ALJ concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act from October 1, 2006, through April 11, 2008.[6] Tr. 15.

---

[6] The ALJ considered evidence dated through April 11, 2008, and did not disturb the decision made at the lower level. Tr. 15. As discussed above at footnote 4, the correct date Plaintiff was found disabled by the SSA is April 1, 2008. Tr. 38.

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) ("Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'").

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV. Relevant Evidence

Plaintiff was thirty-two years old on the alleged onset date of October 1, 2006. Tr. 137. Plaintiff has a high school education and completed an associate's degree from 2006 to 2009. Tr. 128, 594-95. Plaintiff previously worked as a cashier, cook, housekeeper, busser, teacher's aide, and a certified nurse's aide. Tr. 108.

Plaintiff alleged that she became totally disabled due to bipolar disorder, a back injury, attention deficit disorder, learning disability, and anxiety. Tr. 122. Plaintiff asserted she did not like being around people and she had mood swings. *Id.* Plaintiff claimed she had two personalities; when she was depressed she wanted to be alone, when she was manic she had an explosive temper. Tr. 588-89. After the alleged onset date, Plaintiff was able to attend college fulltime. Tr. 232. She could take care of her children, prepare food, clean the house, wash laundry, drive, shop for

food, and manage her finances. Tr. 101-06. Her sister reported Plaintiff visited daily, playing cards and having meals with her. Tr. 86.

## V. Analysis

On appeal, Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because the ALJ failed to account for the limitations she suffered as a result of her mental impairments. Specifically, Plaintiff contends that the RFC is not supported by substantial evidence because the ALJ accorded no weight to the opinion provided by consultative examiner, Dr. Visser; the ALJ improperly discounted the opinions of the state agency experts, John Wright, Ph.D. and Jill Rowan, Ph.D.; and failed to take into account medical records that support her mental limitation claims. For the reasons that follow, I find that the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

### A. The Weight Given to Dr. Visser's Opinion is Supported by Substantial Evidence

In assessing Plaintiff's RFC, the ALJ determined that Plaintiff's alleged mental conditions of bipolar disorder, considered singly and in combination, did not cause more than minimal limitations on her ability to perform basic mental work activities prior to April 2008. Tr. 17. In making this determination, the ALJ considered the four broad functional areas – the "paragraph B" criteria – which was reflected in the ALJ's RFC assessment. Tr. 17-18. In doing so, the ALJ considered the opinion of consultative examiner, Dr. Visser. Tr. 18, 21. Plaintiff argues that the ALJ erred because he inappropriately assumed that Dr. Visser relied exclusively on the Plaintiff's statements in arriving at his opinion, and the ALJ substituted his

own opinion for that of an expert medical opinion, which he cannot do. The Commissioner responds that the ALJ gave Dr. Visser's opinion proper weight because his opinion was inconsistent with the record as a whole. I find that the ALJ supported the weight he afforded Dr. Visser's opinion by considering Plaintiff's daily activities and her testimony, which was inconsistent with the other evidence in the record as a whole, as the ALJ noted.

When an impairment does not meet or equal a listed impairment, the ALJ will assess and make a finding regarding the claimant's RFC based upon all the relevant medical and other evidence in the record at step four. 20 C.F.R. § 404.1520(e). The RFC refers to the most that a claimant can do despite her limitations. *See* 20 C.F.R. § 404.1545(a). The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence, and medical source statements. *Id.* At the hearing level, the ALJ has the responsibility of assessing a claimant's RFC. *See* 20 C.F.R. § 404.1546(c). The determination of RFC is within the authority of the ALJ, and the claimant's age, education, and work experience is considered in determining the claimant's RFC and whether she can return to her past relevant work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)). The RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work despite her impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)).

The weight afforded a nontreating medical source's opinion on the issues of the nature and severity of a claimant's impairments depends upon the source's examining and treating relationship with the claimant, the length of the treatment relationship, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source, and other factors. *See* 20 C.F.R. § 404.1527(c). Medical source opinions may be discounted when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. SSR 96-2p; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004). A nontreating source's opinion is not entitled any special deference. *See* 20 C.F.R. §§ 404.1502, 404.1527(d)(3); *Crawford*, 363 F.3d at 1160.

In this case, the ALJ noted that Dr. Visser conducted a psychological consultative examination of the Plaintiff on September 11, 2006. Tr. 17, 249-54. During the exam, Plaintiff was appropriately dressed and groomed with no unusual behavior and logical thoughts. Tr. 250-51. Following the exam, Dr. Visser opined Plaintiff had difficulty understanding, concentrating, interacting socially, and suffered from lower than average intelligence. Tr. 253. The ALJ considered this opinion and determined it was entitled to no weight because Dr. Visser based it on inconsistent information Plaintiff provided. Tr. 21. For example, the ALJ noted that Plaintiff reported to Dr. Visser she was too afraid to drive, could not shop for groceries, and could not concentrate (Tr. 18, 249-50), but Plaintiff indicated on her Function Report and Work History Report that she was able to drive independently

– even reporting she drove herself to college classes. Tr. 18, 103, 164. While Plaintiff told Dr. Visser she could not shop because she was anxious around people (Tr. 250), she reported to the Commissioner that she was able to shop (Tr. 103) and she was not too anxious to attend college classes and completed her homework for school. Tr. 165. The ALJ further noted that despite Plaintiff's difficulty concentrating during Dr. Visser's exam, Plaintiff was able to attend college classes and complete her associate's degree. Tr. 18. As the ALJ noted, the inconsistencies between Plaintiff's ability and what she reported to Dr. Visser undermined Dr. Visser's opinion because he relied on those inconsistencies. Tr. 21.

Accordingly, the ALJ stated that he considered Dr. Visser's opinion and gave it no weight because the "Plaintiff provided him with inconsistent information, specifically in her ability to drive and shop, and the report does not indicate that she mentioned her enrollment in an Associate's Degree program." Tr. 21. The Court finds that this determination is based upon substantial evidence in the record. The ALJ supported the weight he afforded Dr. Visser's opinion by considering Plaintiff's daily activities and her testimony, which was inconsistent with the other evidence in the record as a whole, as the ALJ noted. Notably, daily activities such as childcare and attending school are substantial evidence in support of a RFC finding for more strenuous demands of light work. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (affirming an adverse credibility finding in light of claimant's ability to drive, provide childcare, bathe, care for herself, exercise, and perform housework); *Graham v. Apfel*, 129 F.3d 1420, 1421-23 (11th Cir. 1997) (reasoning that activities

such as child care, attending school, and performing household chores supported the ALJ's conclusion that plaintiff could perform light work).

Plaintiff's argument that the ALJ substituted his own opinion for that of Dr. Visser's expert medical opinion also fails. "As a hearing officer, [the ALJ] may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional." *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992). But the ALJ is required to assess a plaintiff's RFC based on all of the relevant evidence in the record. *See* 20 C.F.R. § 404.1545(a). Further, the regulations reserve the issue regarding the determination of the Plaintiff's RFC to the ALJ:

> Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to this subpart, your residual functional capacity (*see* §§ 404.1545 and 404.1546), or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.

20 C.F.R. § 404.1527(d)(2).

In this case, as discussed above, the ALJ did not conclusively or summarily disregard Dr. Visser's opinion and substitute it for his own opinion. Rather, the ALJ considered Dr. Visser's opinion as that of a nontreating medical source and gave it no weight after articulating specific reasons for doing so in accordance with the regulations. The ALJ cited and thoroughly discussed the inconsistencies in Plaintiff's reports and the inconsistencies with the record as a whole, which were relied upon by Dr. Visser. Tr. 17-19. Dr. Visser's only medical assessment of Plaintiff's mental limitations was during one consultative examination and are inconsistent with the record.

### B. The Weight Given to the State Agency Experts is Supported by Substantial Evidence

Plaintiff also argues the ALJ erred when he gave no weight to the opinions of nonexamining state agency psychological consultants, John J. Wright, Ph.D. and Jill Rowan, Ph.D. Tr. 20-22. The Commissioner responds that the ALJ properly considered the state agency experts' opinions and properly gave them no weight because they were inconsistent with the evidence as a whole. The Court agrees with the Commissioner.

The weight afforded a nonexamining medical source's opinion on the issues of the nature and severity of a claimant's impairments depends upon the medical source's examining and treating relationship with the claimant, the length of the treatment relationship, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source, and other factors. *See* 20 C.F.R. § 404.1527(e) (noting that when considering the opinions of nonexamining sources, the rules regarding medical source opinions apply). "Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist . . . ." 20 C.F.R. § 404.1527(e)(2)(i); *Wainwright v. Comm'r*, 2007 WL 708971, at *2 (11th Cir. Mar. 9, 2007) (per curiam); *Goberman v. Apfel*, 2001 WL 267209 (M.D. Fla. Mar. 12, 2001). "Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists."

20 C.F.R. § 404.1527(e)(2)(ii). A nonexamining source's opinion is not entitled any special deference. *See* 20 C.F.R. §§ 404.1502, 404.1527(d)(3), (e).

Dr. Wright submitted a mental RFC assessment on September 14, 2006. Tr. 255-72. As noted by the ALJ, Dr. Wright opined that the Plaintiff was moderately limited in her ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended periods, work in coordination with or proximity to others without being distracted by them, and complete a normal workday and workweek without interruptions from psychologically-based symptoms. Tr. 21.

Dr. Rowan submitted a mental RFC assessment on January 23, 2007. Tr. 288-305. As noted by the ALJ, Dr. Rowan opined that the Plaintiff was moderately limited in her ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended periods, complete a normal workday and workweek without interruptions from psychologically-based symptoms, and to perform at a consistent pace without an unreasonable number of length or rest periods. Tr. 21-22.

As the Commissioner correctly points out, the ALJ properly considered the state agency experts' opinions in his decision, as he must, and properly gave them no weight because they were inconsistent with the evidence as a whole. The ALJ found that there was a lack of medical evidence regarding Plaintiff's mental limitations that would support her claim and inconsistencies with the Plaintiff's reports regarding her activities of daily living and her the alleged severity of her mental limitations.

Plaintiff reported that she was able to shop, attend college classes (Tr. 103), complete her homework for school (Tr. 165), and complete her associate's degree even. On the contrary, Dr. Wright and Dr. Rowan both opined Plaintiff had more than significant mental limitations. Tr. 18, 21, 255-72, 288-305. The ALJ considered both of these opinions and determined they were unsupported by the medical evidence and inconsistent with the record as a whole. Tr. 21-22.

### C. It Was Proper For the ALJ To Not Consider Medical Evidence Dated After April 2008

Plaintiff further argues that there are medical records and opinions that show that the Plaintiff suffered from significant mental limitations that were not considered by the ALJ as they were not included in his opinion. The Commissioner responds that the mental health records Plaintiff cites to are from after the Plaintiff was found disabled – April 1, 2008.

Specifically, Plaintiff argues that Dr. James Brown's expert opinion from June 26, 2009, which opined that Plaintiff met Listing 12.04 of the Social Security Listing of Impairments, supports her claims. Yet Dr. Brown's opinion was based upon a review of medical records dated after April 1, 2008, the time Plaintiff was found disabled. Tr. 405-17. Dr. Brown based his opinion on medical records from January and March 2009, which did not reflect on the period prior to April 2008. Tr. 417. Thus, Dr. Brown's opinion did not relate to the ALJ's decision that Plaintiff was not disabled from October 1, 2006, through April 11, 2008.[7]

---

[7] As discussed above at footnote 4, the correct date Plaintiff was found disabled by the SSA is April 1, 2008. Tr. 38.

Plaintiff further asserts that her medical records from Charlotte Behavioral Health show she has greater mental limitations than what was found by the ALJ. However, the only mental health treatment records in the record from Charlotte Behavioral Health are from after April 1, 2008. Tr. 315-62. The ALJ specifically stated in his decision that it "was made with respect to the period from October 6, 2006 through April 11, 2008, and does not disturb the finding of disability at the lower level."[8] Tr. 22. Therefore, the later records were properly excluded from the ALJ's consideration.

## VI. Conclusion

Accordingly, for the reasons stated in this Report and Recommendation, it is hereby respectfully **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 28th day of February, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

The Honorable Sheri Polster Chappell
Counsel of record

---

[8] As discussed above at footnote 4, the correct date Plaintiff was found disabled by the SSA is April 1, 2008. Tr. 38.